Can I ask you a question at the start, Mr. Welk? Yes, Your Honor. Did you put in the opinion and judgment you're appealing in the excerpt of the record? Yes, Your Honor, it is. Where is it? I'm sorry, Your Honor, there is no judgment. What is being appealed is the court's order granting the motion for return of property. Put in his opinion and order. The court, it appears beginning on page 76A of the government's excerpt. Why did I not see it? Is this the one, order granting claimant's motion for return of property? That's correct, Your Honor. Actually, I'm sorry. Page 102. 77. I'm sorry, page 77. Okay, I'm sorry. I just didn't know. It's the same guy? Well, you located it, but I looked at it. I guess I started from your table of contents, and it just said notice of appeal, but clearly you have something more than a notice of appeal. That's all. It's a small point. That's correct, Your Honor. I apologize for that. May it please the Court. I am Assistant United States Attorney Stephen Welk. I represent the government in this action. The heart of this appeal is the district court's erroneous interpretation of and attempt to harmonize the provisions of 18 U.S.C. section 983A3B and section 981E7. So you're not arguing about jurisdiction? I'm not sure we need to argue about jurisdiction, Your Honor, because I think the courts the district court's decision clearly regarding jurisdiction clearly flowed from its interpretation of these two sections and how they interacted with each other. So we don't have to worry about it. In the absence of jurisdiction, you don't have the necessary priority. You don't have a state in the preceding state necessary. That's correct. And there is a There isn't any jurisdiction, is there? The government contends that there is no jurisdiction here because of the But, well, there is no jurisdiction because the district court's jurisdiction over this property, the interim jurisdiction, was cut off as the district court recognized in its order. That jurisdiction was cut off when the government dismissed its complaint on February 11th. The question that arises then with respect to jurisdiction was at some point after that, did the district court regain jurisdiction over the property? Well, wait a minute. The statute says that you have to return the property if you don't file a complaint within 90 days. I mean, putting it very briefly, all right? So the government doesn't file a complaint in 90 days. Are you saying the district court doesn't have jurisdiction to compel the government to return the property as the statute requires? No, Your Honor, because the statute does not require only that the government return the property. The statute itself has three options, basically. I understand there are other options. I'm just saying take the simple case of the government failing to file a complaint. Yes. And nothing else happens. So they have an obligation to return the property. Yes. Now, are you saying the district court doesn't have jurisdiction to enforce that obligation because the time period is run and they dismiss the action? It has jurisdiction to enforce the obligation if no other court has acquired jurisdiction over the property. Well, has another court acquired jurisdiction over the property here? In this instance, the state court acquired jurisdiction. It acquired jurisdiction over the property at the time that the case was dismissed by the Federal Government on February 11th. Automatically, just by force of law? No, not automatically, Your Honor. As a result of the anticipatory seizure warrant that had been issued by the state court on January 24th, the purpose of that warrant was to allow the Federal Government to release the property to the state authorities pursuant to 981E7. But the government still had custody of the property when the complaint was dismissed. That's correct. They were responsible for the property. That's correct. So surely the court must have had jurisdiction to require them to turn the property back to the owner under the statute. Well, under this Court's decision in United States v. 1985 Cadillac Seville, that's not necessarily the possession of the property is not the end of the story. In that case, the Federal Government had custody of the property. It had taken the property from the state authorities after those state authorities had filed a state forfeiture action. The state forfeiture action was lying dormant. Nothing was happening. The Federal Government went and got the property, a vehicle and a bunch of currency, about $434,000. They instituted a judicial forfeiture action that followed on and went to judgment. On appeal, the claimant in the Federal case said that the Federal District Court had never acquired jurisdiction because the state court had never been divested of jurisdiction. This court found that the appellant was correct and that the reason that the Federal Court did not have jurisdiction was because there had been no affirmative act that had divested the state court of jurisdiction in that case. It went on to find that the mere fact that the possession, that the Federal Government possessed the property, was not enough to be a determining factor. It found that while the possession is nine-tenths of the law, it found in favor of the one-tenth that went towards comity between the courts. I understand that, but it seems to me this is a different situation because here the government is on an affirmative duty under the statute to return or release the property.  So that has to be enforceable. It can't be just an empty letter. Well, and it's not empty because what happened here is the government, when faced with those options to return or release the property, and that takes into account the fact that the government chose not to attempt to keep the case alive by asking for an equitable tolling of the 90-day statute. When the government made its decision to release the property pursuant to 981E7, it was entitled to do that after it dismissed the complaint and after the State had established its intent to commence its own forfeiture proceedings. The issue is, and it's a fine distinction I grant, that the district court's jurisdiction to order the release or return of the property is going to be a factual determination based on how long the government has held on to the property. Here there was a delay between the dismissal of the complaint and the release of the property. But the reason for that delay had a lot to do with the logistics of returning the property. And it had something also to do with the fact that this was an issue of first impression and it was not crystal clear, and it still is not crystal clear, what the government is entitled to do. But it does seem clear, these things are clear. Under Section 983, the government was required, if it didn't file a complaint within 90 days, to either return the property or release the property. Section 981E7. Your conceding that that is a judicially enforceable directive. 981. I'm not suggesting. I just want to know what your position is.  Correct. Okay. A complaint. It's an order to the United States. 983. Okay. Yes, Your Honor. Are you conceding that's a judicially enforceable directive that creates a private right of action, that you actually go to the district court and tell the district court the United States didn't do it and I want an order forcing them to do it? No. What I'm suggesting is that. I'm asking whether you're conceding that it is. I do not concede that it is, Your Honor. No. So your position is that even if the United States had the property today, the court had no authority to tell it to release it? No, and that's the distinction I was about to draw. Your question, as I understood it, was, does 983 give a private party a cause of action to go against the government to return the property? And I don't think it does. Judicially enforceable right.  And if the government has held on to the property for an excessive amount of time, if the equities hold that the time has been too long. A motion in the forfeiture proceeding? No. A separate motion. Well, let me strike that. If the forfeiture proceeding is still active, if there is still a forfeiture proceeding in which to file, then they could file a motion for return of property in the case. In fact, in the West District of Texas case, the U.S. versus 39,480. I'm a little confused. If the United States hasn't filed a complaint, how is a forfeiture proceeding still pending anyway? Oh, I misunderstood. Because the district court took jurisdiction over the rest. How can there be a. I think I misunderstood your question. I'm saying there's a forfeiture proceeding pending. If there is no forfeiture proceeding pending. And I'm sorry, I misunderstood the question. I thought you were talking about the facts of this case. If there is no forfeiture proceeding pending in the 90 days past, a claimant has the right to bring a motion for return of property under Rule 41E on the ground that the government is wrongfully withholding that property and cannot take further steps to act against it with respect to forfeiture. Was there a forfeiture proceeding pending here? There was a forfeiture proceeding that was filed, but that forfeiture proceeding was dismissed, and the process of returning the property over to the state officials had commenced before the motion for return of property was filed. Well, that's not quite accurate. The motion was filed in March, and the property wasn't turned over until April, after the jurisdiction had detached on the motion. Well, the. Do you want to check your facts on that? So what the government did was after the motion was filed, they tried to move the property out from under the jurisdiction and give it to the state. I know there was a prior order from the state, but the government had the property and they held on to it until after the motion was filed, and you looked at the papers and decided you were going to turn it over anyway. That is correct. That is what happened. The instructions, the reason for that delay was because I requested a delay as a result of a request that was made of me of opposing counsel. There's no question, Your Honor, and I will not contest here, that this could have been handled better. The question is whether that, what the court points out is this attachment of jurisdiction at the time the motion for return of property is filed. And was it a jurisdiction? Our contention is that it was not, and the reason that it was not, and I would point out that the district court's finding of jurisdiction was not based upon that fact. It was not based upon the fact that the property was still in the government's custody at the time that the motion was filed. The district court's decision was that the reason that it still had jurisdiction was because the release of the property was improper under Section 983 because the 90 days had passed and because the warrant that had been issued by the state court was an attempt to usurp its jurisdiction. What is your position? The court had jurisdiction? Once the motion was returned, it was filed in March, and you keep it until April 18th. Did the court have jurisdiction? The court did not have jurisdiction because the state court's jurisdiction had already attached prior to the filing of the motion for return of property. How could what the state was doing affect what the federal district court was doing? Again, going back to 1985 Cadillac Seville, what the court ruled in that case was that the reason that there was no break in the jurisdiction in that case between the state and the federal court is because there had been no affirmative act by the state court by which it was divested of jurisdiction, and therefore, the federal court never properly acquired jurisdiction. Here, there was an affirmative act that cut off the jurisdiction of the federal court, and the district court in its order acknowledged that, saying that- What was that affirmative act? The affirmative act was the dismissal of the forfeiture complaint. And there are two bases for it. There's two bases of support for that. Number one is the fact set forth in Commercial Space Management v. Boeing that a plaintiff has an absolute right to dismiss its complaint, and once it does, the court loses jurisdiction over the property. But there's also an admiralty and forfeiture basis for that idea, and that goes all the way back to the Brigand, the 1815 Supreme Court case cited in the Republican National Bank case, in which the court held that where a forfeiture or admiralty proceeding is commenced. And these admiralty proceedings that were in place in 1815 are the foundation for the forfeiture laws today. They found that in the Brigand, the Supreme Court held that where a forfeiture or an admiralty proceeding is commenced, and then at some point, that proceeding is stopped, it is abandoned, and the property is removed from the jurisdiction, the Federal District Court, even though it had jurisdiction at the time the thing was filed, the original action was filed, once that complaint is abandoned and the property is removed, the only way that court can obtain jurisdiction again is to effect a new seizure. That's pretty clear, but the problem is that in this case, there is a statute that obligates the government to return the property, and that could be interpreted as vesting jurisdiction in the district court to enforce that obligation. So it's not like the usual case of a forfeiture, the case, the admiralty case you cite. But this is a case where you have a statute that creates an affirmative obligation on the part of the United States to return the property. I agree, Your Honor. But what that statute, the affirmative obligation that it imposes is to return or release the property. And there is another statute, a statute that preexisted, Section 983, this provision that we're talking about that gave the government broad authority, regardless of motive, to discontinue forfeiture proceedings on the commencement of proper actions by State authorities and turn that property over for the purpose of doing State forfeiture proceedings. During forfeiture proceedings. Absolutely. But that's not this case, because here the forfeiture proceedings were terminated before the property was turned over to the State. I would direct the Court to the statute, 981E7. It requires that the forfeiture proceedings be discontinued prior to the release of the property. And that's a basic idea of forfeiture, because the State cannot proceed against these assets unless they have them in hand. So under the statute says they may seek dismissal of the complaint in favor of State proceedings. Correct. Not this case. This case they sought dismissal of the complaint because it was filed too late, not in favor of State proceedings. That is certainly the argument of the claimants, and it was the interpretation adopted by the district court. But what I would point out to the court is the government was not compelled to take this course. The government had three options once it was determined that the complaint had been filed a day late. One of them was to do what the district court suggested and what the government successfully did in United States v. $39,480, apply to the court for a one-day tolling, equitable tolling of the 90-day time limit, and revive the – save the case and then go forward with the case as a Federal case. Another option was to exercise these options under 981E7, dismiss the case, which it was entitled to do because no answer or summary judgment motion had been filed, and once the State had taken appropriate actions by getting the seizure warrant, to turn the property over to them. One of the things I would point out to the court is that there's some argument in the briefs by the claimants that this is some sort of escape hatch that will allow the government to, at its own discretion in any case, just abandon a forfeiture case and turn the property over to the State. That is not true in practical terms. In fact, it's going to be a rare case, such as this one, where the State is in a position to commence forfeiture proceedings under State law where the Federal government decides not to. But the idea is that 981E7 is not dependent upon the motive of the government to dismiss the case. And the example that I pointed out in the brief, I won't go through it in full, but the example is if the Federal government decides at some point after having filed a forfeiture case that it was wrong about something, that it's at the wrong venue, or, for example, they file an action on the basis that the proceeds, that the property represents proceeds of specified unlawful activity. Before the answer is filed, the government determines through further investigation that while there was plenty of specified unlawful activity going on, the proceeds that it has identified in the complaint are not proceeds of that specified unlawful activity. Under those circumstances, if that property is subject to forfeiture under State law for a State violation, but it's clearly not subject to forfeiture under Federal law, the Federal government at that point has the following options. One, it can decide to keep fighting. It can decide to keep fighting.   And the other option is to go to the lobby. The lobby is what you're arguing on. Okay. I just ‑‑ In advance of resolution of this case. It still goes to motive, though, because to the extent that there is some motive to be read into 981e7, the government presumably will never dismiss a case in favor of State proceedings if it thinks it can win in the Federal forum. So the dividing line isn't whether the government really wants to dismiss the case. The dividing line is whether the government chooses voluntarily to dismiss the case. This case can be distinguished and should be distinguished from other cases in which the removal of property from a court's jurisdiction has been deemed improper. This isn't a case like Mora where the government lost the property and didn't know where it was, made a claim that some of it might have been given back to one of the claimants' family members. This isn't a case like U.S. v. Martinson where the ATF, during a pending appeal, destroyed the guns and then said there's nothing you can do about it. Well, this is a case in which the government spirits the money away as soon as they find out that the motion has been filed. So in the open expectation, the district court will not be able to order the return of the money. I respectfully disagree with the court in terms of its characterization of that. First of all, the actual release of the money certainly did postdate the and actually the instructions to release the money postdated the motion for return of property. But that doesn't change the fact that the government was entitled under 981E7 to release this property. Another issue arises here, and that is the question of remedy. What is the remedy here? The government cannot return the property at this point. It doesn't have it anymore, and it hasn't had it. The question is what is the government supposed to do in response to a motion for return of property? The remedy that the claimant is entitled to is the return of the property. If the property is not available because it has been lost or destroyed, because it is no longer available at all and the government cannot return it, then one potential remedy is to ask the court to or force the government to pay the claimants the amount of value of the property. It's money, isn't it, we're talking about? It's $215,000 in currency and four cargo trucks and two motorcycles. Now, I think the two motorcycles have been returned. They were not taken by the state, and they've been returned to the claimants. There was some property in this case. In fact, there was some money as well that was not part of the warrant, the state warrant. That property was returned to the claimants. The only property that was transferred to the state was the property that was in the seizure warrant. But the point is, under 981E7, not only is there a no waiver of sovereign immunity with respect to damages, there's an explicit statement that the government may not be held liable for the seizure or transfer of the property under that section. Now, the next question is, are they entitled to some sort of award in regard to this? The question there is, is that an appropriate remedy? And the answer is, no, it's not. The reason that the claimants don't have an equitable remedy here is because they have a legal remedy that they're already pursuing in state court. This property wasn't destroyed. They might have a Tucker Act claim. I'm sorry? They might have a Tucker Act claim. Well, again — But that would have to be brought for the final claims. We come back to the question of what are their damages. What they were entitled to return is — what they're entitled to, if anything, is a return of the property. If in the state proceedings it's determined by the court, the state court, that these assets are subject to forfeiture because they represent proceeds of methamphetamine trafficking, the equities are clearly not with the claimants to come back to the Federal Government and say, give me $250,000 for — It's a little beyond the scope of what's before us. We don't know what the equities are. Who knows? Maybe some innocent party held the money and wasn't involved in the drug transactions at all. That could be — Page 15 of the opinion. The court said, Indeed, the government itself acknowledges the lasting jurisdiction of this court in its initial verified complaint for forfeiture when it says the defendant assets are currently in the custody of the United States Marshal Service where they will remain subject to the court's jurisdiction during the pendency of this action, citing Government's Opposition Exhibit B at paragraph 6. Now, are we to — what's the significance of that? Is that an acknowledgment that the government undertook to hold those assets until the issues have been resolved? It is an acknowledgment that once the complaint is filed, that the district court has jurisdiction over the property so long as the action is in place, as long as the action is active. Do you think this is limited to the 90-day period? No, Your Honor. It's not? It's not limited — I'm sorry. It's not limited to the 90-day period. This statement is exactly what it says, that the — remain subject to the court's jurisdiction during the pendency of the action. Pendency of the action means the forfeiture action, which was dismissed on February 11th. Unless you interpret it to include the efforts to obtain release required by statute. That would be — I respectfully contend that that's an erroneous contention. The 41 — the Rule 41e motion is recognized under this circuit's law and I think every circuit's law. It's acknowledged by the claimants and it was acknowledged by the district court that a Rule 41e motion is a separate equitable proceeding. It is not part of the civil forfeiture action. Any doubts concerning that were allayed when the district court rejected the claim that the claimants attempted to file at the time they filed their motion for return of property. The basis for that rejection by the district court was that the claim couldn't be filed because the forfeiture action had been dismissed and was no longer effective. Okay. We're way over time. Thank you, Your Honor. Good morning, Your Honor. The claim — the claimants in this case, the putative claimants in this case are the Morales family, someone named Cornejo. We contend that a lot of the things the government said just misrepresent what actually happened. Maybe so, but first things first, how does the district court retain jurisdiction in the REN proceeding when the rest is no longer available? Well, the rest is available. There's something called a warrant of arrest in REN that's issued in every forfeiture case. The government actually asks for that warrant to be issued. And what it said in the warrant, which the court signed, is that this — that the U.S. marshal shall retain custody over this race, over this property, until further notice of the court. And what the government does — But that didn't happen. It didn't happen. There was no further notice of the court. The government just transferred the property over to the State without going to the court and saying, please transfer the — And maybe they were wrong, and maybe you have a claim against them for, you know, something or other, or maybe they're in contempt. I don't know what, but that doesn't answer the question of how a court can retain in REN jurisdiction without arrest. It's custodian. The guy that they ordered to hold the property has said, I've given it away. There's actually — Isn't that like the prisoner dies? Once a prisoner dies, you just don't have a criminal case anymore? There's actually two answers to that, Your Honor. One is that the case law discusses where the property has been transferred, either through mistake or actual improper actions by the government. The court still has jurisdiction to order the government to return the value of that property in that — in that motion, in that response. And that's what, at the minimum, the court did in this case. The other answer to that is Riverside and — And would you give us a case for that? Yes, Your Honor. I'm going to ask Mr. Chairman to find them. On page 9 of the appellee's brief, they're starting with the Republic National Bank case. Just give me your best case. This is the United States v. 12,390 case, page 9 of the appellee's brief, 956 FedSecond 801. And the Republic — the Republic National Bank is a Supreme Court case, actually, which says the district court in which a civil forfeiture complaint has been filed retains jurisdiction over the race, even where it is transferred elsewhere. I'm sorry. This is the — It's the Supreme Court, Your Honor. Page 11. Republic National Bank of Miami v. United States. That says, Continuance of possession is not necessary to maintain jurisdiction over the forfeiture action. That's the Supreme Court. And then the Eighth Circuit and the Ninth Circuit all essentially agree with that premise, that even if the property is transferred away for whatever reason, the court retains jurisdiction to make an order for return of at least the value of the property, if not the property itself. That assumes that a forfeiture action is pending. Not necessarily. Well, that's — is there one that would — is there a case that applies that principle when there's no forfeiture? Well, the cases that discuss return of property and what Your Honor mentioned before is, in this passing the 90-day limit case, the court — the claimant has an action to go to the court, even though there's no forfeiture case pending, has the right to go to the court and say, please return the property. And there's the Martinson case, I believe, is one of them. And there was a couple of other cases that — there's a long line of cases, as a matter of fact, that allow a claimant to go to the court and say, even though there's no forfeiture action pending, they have the right to file an action and say, please return this property to me. Well, but Republic itself makes it pretty clear that where it's not clear that there's anything the court can do to have it returned, there might not be continuing jurisdiction. I mean, you might have jurisdiction to try to get it back, but is there any evidence at all that there's any way to get this back from the state court? Is there any way? Yes, that one might get this back from the state court? Well — It's no longer with us. Actually, this case was a joint investigation between Riverside Sheriff's Department and the DEA. And together they brought — together they seized the property. And what happened was — this was a joint forfeiture investigation, essentially. Together they seized the property. They agreed that the DEA or the feds should go ahead and file the forfeiture complaint and bring it federally. And now when the government failed to do it properly in this case and the court awards the property back to the claimant, the government, knowing that this was going to happen, goes ahead and transfers it back to the Riverside Sheriff's Office and says, now you try it over there. So essentially their privy is doing what they couldn't do here. So they did it together. Frankly, yeah, I think because they did this together, the U.S. government has control over the Riverside Sheriff's Office because they actually — I mean, it's not said in the papers, but that's what happened here. This U.S. attorney called up the Riverside Sheriff's detective and said, we failed here. We need a warrant now. We've got to do it on the state side. And again, it's not said in these papers, but it's obvious the implication. They didn't find out on their own. They didn't just search the court records every day and suddenly say, oh, there's a dismissal. I don't think you answered my question. The question is, can we go back to Riverside or to the state court and get — Anything the district court can do. It's one thing if the property is transferred, then there's a way of getting it back. But is there any evidence here there's something the district court can do to get the property back? Well, the district court can direct the United States to pay the money that was transferred improperly. How can they do that? The statute says the U.S. is not liable. They've got sovereign immunity. No, no, that's — the statute's under 981E7. The 983 statute says that they have to return the property within the 90 days. You might be damaged by that, and you might have — be able to bring damages, actually, for that or claim damages. But as Bruno points out, you can't do it in the sovereign immunity. But the remedy is return of the property. I think the court can direct — How can you get — to begin with, don't you have — the state had to be here with the necessary clarity, so we really don't have jurisdiction. Well, it — which really troubles me, Your Honor, because there's a motion for return of property pending in front of the court. Well, I don't care whether you're troubled. The state now has it. They are obviously interested in it. How can you deal with their property and they're not in this proceeding? Because of the Republic National Bank and the other cases here that said even if the property is transferred out of the jurisdiction, the court still has jurisdiction. Jurisdiction, but it doesn't decide who has the necessary property. Well, in these cases, the court had jurisdiction to make an order to have the government return the value of the money. I don't think you're responding to the question. How can you dispose of a party's interest who is not in the proceeding? Answer that as a general question. Well, as a general question, no. If a party is not actually a party to the lawsuit — The state has an interest, does it not? The state — You think it's a wrong interest, but they have it. If the state is proceeding against and wants to get that money — The state has possession of it, does it not? Yeah, and when it comes to — They have an interest in it. When it comes to an actual — How can you dispose of that possession without having them in the proceeding? That's — I guess that's a good question, Your Honor. May I note that the docket sheet shows this was given to the Los Angeles County District Attorney, not the Riverside District Attorney. The currency was given to the Los Angeles County District Attorney. That's the main thing, isn't it? No, the vehicles were given to the Riverside Sheriff's Office. The vehicles are the important thing? No, the money is probably the more important thing, because the vehicles have lost a lot of their value now because of the time. In this case, though, you know, the Court — I see where the Court is going. And — We're there. I'm there. The government has done an improper thing in this case. The question is, what can this Court and the district court do to remedy that situation? The district court found that the government transferred the property when they didn't have the right to. The warrant was void, essentially. So the question is, can this district court go and order the Riverside Sheriff's Department to return the property? Possibly. I think they can make an order saying, even though Riverside did not file any papers and do any litigation here, I think they have the — this district court has the power — Without giving them an opportunity to argue? Or they could do an order to show cause why they should not be able to — have to return it. But I think the district court — yeah, I think the district court has the power to say this warrant was executed improperly. The state court has no power over this property because this — first of all, the warrant expired, number one. Number two, the court — the federal court had jurisdiction over the property when it was issued. Number three, it was served on a U.S. attorney, not the person in possession of the property. That's a very expansive view of what courts can do without giving people an earring. I suppose the court could remand to do an OSC — That would seem to be step one. Well, step one could be a remand for an OSC why Riverside should not return the property to the United States. How can you issue an OSC to somebody who's not a party for the court? Oh, that's done all the time, Your Honor, I believe. Yeah. We have — it happened recently in a case where a subpoena was served — I don't want war stories. No, no, no, no, no. Give me authority. I'll give you authority. Where a subpoena is served on a third party, the third party does not comply with the subpoena. They're not a party to the lawsuit. But the court can issue — But they're subject to the court's process, and it's called a subpoena, which means they're served. But you talk about issuing an OSC to somebody who's not in any way involved in the action. Are you saying the court can issue a subpoena to the Superior Court of the L.A. County Superior Court? I don't know. The property is not in possession of the Superior Court. It's in possession of the privy of the United States government, who was partners with them in the seizure in the first place. I thought you said that was Riverside. It was Riverside who actually — But Los Angeles is a different county. Well, which is interesting.  Which is interesting. I don't know how the money got to Los Angeles. Well, it's one of your problems. District Attorney's Office. Well, it was the Riverside. It's one of your problems about dealing with people's rights before you. It gets worse and worse. Actually, the court's pointed that out. It was a Riverside seizure. Suddenly, now it's in the possession of the Los Angeles District Attorney's Office. Who had jurisdiction — who had the right to seize the property in the first place? We don't know. Well, it's — I'm being surrounded by a bunch of tall guys who are playing basketball. The district court had the jurisdiction to remedy the situation, which was a motion to return the property that was always in that court's — I'm sorry, Your Honor. Let's follow that. Let's say the district court did have jurisdiction and issued that order. Who would it be directed to? Directed to the United States government, who spared away the property after the motion was filed. And what would it do with that? So let's say the district court issues an order, orders the United States to return the property. Now, the United States doesn't have the property. Well, I take the slight issue with that, because the United States was in partnership with — What happens next? District court issues an order. What happens next? Issues an order to the United States government to return the property. Right. In this case, it was a — frankly, a step further would be a finding by the district court to say that the U.S. Attorney's Office was in privy with the — Maybe we send them to that arbitrator from the last case, and they can find an alter ego, right? I don't know if arbitration — That sounds like what you're asking for.  I don't know what privity means in this context. What does privity mean? Well, in this forfeiture case, it was the United States government and Riverside who brought this — who investigated and seized the property together. They did it at a government — federal government — Okay. That's true. That's a — you know, you're citing historical facts. I understand privity. Privity is a contract term. I don't know how that bears on federal jurisdiction or on the question of what authority the United States has. They may have been in cahoots in getting — That might be a better word. Right now, the property is in the possession of state authorities. And I'm not — you order the United States to return the property, I don't understand how they go about complying with that order. Well, one of your honors brought up the issue of contempt. I don't know if that's the answer where you — Well, you can hold the United States in contempt. In contempt, but you can sanction. Okay, so you do that. You can sanction them the value of the property. So you don't get the actual value of the property, but you can actually — if you don't get the property itself, they can sanction the value of the property. That's what the government did in this case. I realize that to you that's the equivalent to getting the property back, but sort of sanctioning them for contempt and not being able to do something that's impossible to do strikes me as a little bit arbitrary. If they no longer have the property and can't get it back, I don't know how you go about ordering them to do what they can't do. I guess the state authorities may have been in cahoots when it came to seizing the property, but I bet you they're not in cahoots when it comes to returning the property. They say, well, on our own, we have the property. We are going to keep it, and too bad for you. Actually, being a former assistant U.S. attorney, I disagree with the court as to what the U.S. government can do with their partners in seizing the property. They could very easily make a phone call and say, return the property back, if they chose to do so. The question is, does the court have the power to order them to do that? Maybe not. But these joint investigations are done where they can share the proceeds of these cases, and there's evidence in the record where that's happening. And, frankly, the state case, there's a state forfeiture case that was initiated against the property, which was stayed pending the court's determination in this case. The real question here, does the district court have the power to issue some kind of order relating to the property? And the court, because of the government's ‑‑ because of the timing, essentially, because of the action being filed by the claimants and the motion being filed by the claimants while the case was still pending, before any property was still ‑‑ was transferred, the district court found it did have the jurisdiction to order the government to return that property. It had not been transferred at that point. So whether it should have been styled as a contempt in the value of the property being returned or whether it should be the property itself, maybe that should be the language. There are two theories that are almost mutually exclusive. You know, one theory is they transferred the property, they were wrong in doing it, and somehow they need to pay for it. And the other one is they really didn't transfer the property at all. It's just merely being held by somebody who is an agent of the United States. And so the property has never been transferred. It really is to the United States. And if the district court says return it, the United States could return it, even though it's being held by this other entity which they are in an agency relationship with. It seems to me those are your two theories, and in trying to pursue both, you've sort of shot yourself in the foot. I don't think they're mutually exclusive, Your Honor, because, for example, if the property was destroyed, the option would be you go to them and say return the property. Oh, we destroyed it. Well, then the value of the property can still be replaced, that property itself. They transferred it improperly, and they took that action. That's contempt in itself. Well, but I thought one of your theories was they never really transferred it, that they and the state authorities are in cahoots. And therefore it's being sort of formally held by the state authorities, but it's really still in the possession of the United States. Sure. That's theory number one. You haven't made any factual, max factual, I mean, you know, you tell me this based on your many years of experience, but there's no factual record to support that, is there? Actually, there is partially, Your Honor. I bet you never did stuff like this when you were an assistant U.S. attorney. I never would. I never would think about it. Actually, I was the chief of the forfeiture section when I was at the U.S. attorney's office. You're just a paul, huh? I'm a traitor now. I'm on the wrong side, apparently. Your Honor, there is an admission by the government that this was a joint investigation and that there would be an equitable sharing of the property in the forfeiture action between Riverside and the federal government. And what does equitable sharing mean? Equitable sharing means is when the feds and the state participate in a joint investigation or if the federal government adopts a state seizure, then any successful forfeiture is shared between the federal government and the state agency, whatever it is, Riverside or the L.A. County District Attorney's Office or whoever. So they jointly bring the case. The feds actually file the case in federal court, but if the case is successful, then actually up to 80 percent of the money that is forfeited goes back to the state. So they're all working on this together. They seize the property together. The feds actually bring the case, but they return the money to the state. Does it work the other way, too, that if the state now does a forfeiture on a state level, the United States gets a kickback? The state law doesn't allow that. State law provides forfeited money goes to other purposes. Federal law allows that. Would you take just a minute to explain how you're entitled to attorney's fees? In this case, Your Honor, there was a forfeiture complaint filed. The government violated the capital requirement to file it within 90 days. And dismissed it themselves. Right. So where is the judicial action? Because the government did not return the property according to the capital requirement, the claimants were forced to have to go to court and say, please return the property, while they were still holding the property. So you say the fees are due to you on your motion, but not on the dismissals that you're arguing? Well, there are other facts here that have not been discussed that are in the record. For example, the government attorney telling Ms. Sherman, who is the attorney for the claimants, not to file a claim in the action. It's disputed, of course. Well, it's disputed, but it doesn't make sense for her not to file the claim if the government had ensured her that. Sometimes people are tidy about what they should do, as we've seen. Well, no, no, but it's in the record. Just in a word, you're claiming to get the fees on your new motion. Is that the idea? Well, the fees were incurred in the new motion, plus dealing with the government up to the point to get them to dismiss the case. So, and frankly — But I don't see it up to that point, because there, there was no judicial action. It was just a voluntary filing by the government. But there is case law out there that says the administrative proceedings that precede the actual filing of the forfeiture or the judicial action are part of the entire — There was no judicial action. Well, there was a judicial action, absolutely. The filing of the complaint. And the complaint was pending for — it was served, and Ms. Sherman was getting — But there's no judicial action in your favor when they dismiss the complaint on their voluntary — Well, it was absolutely in the favor of the claimants, because — It's not a judicial action in your favor. It's a voluntary dismissal by the government. Well, there's no judgment saying — That's what they're saying, and that's what the Supreme Court says you need. Right. You don't get to have a judgment. But — So you don't get anything for that preliminary part. For the preliminary part, no. The dismissal itself, maybe not, unless you want to include the administrative — Well, where you get attorney's fees, though, would be for the motion to return, if you should win on that. Well, in this case, that's where all these fees were incurred. Right. It was to try to get — Right, right. To try to get the property back, absolutely. But they violated the rule. They had to go — we had to go to court to get them to return the property. And the motion was filed, and the property still wasn't sent over to Riverside. Actually — At least you have me doubting that you have all the people here who should be here. That's true, Your Honor. Actually, I want to say, but for the court not ruling on the motion for return of property before the government actually transferred it, the court was in a position to be able to render an order in favor of the claimants returning the property. But while it was still pending, this happened. And I don't know what the remedy is, you know, as far as dealing with the State on a return of the actual property. But in this case, I think the court can fashion an equitable remedy, which the court did, at least for the value of the money. The question is, as far as the vehicles themselves, whether the Federal Government can order their partner to — or ask their partner to return the cars themselves. I don't know if that — if the Federal Government will do that. I think the district court can order the Federal Government to find that they're in partnership and do that. They'll do it if they're ordered to do it. The question is whether it would work. Well — I mean, they — Yeah, that is a question. I don't know that — I mean, if the district court asks them, orders them to request a return, I'm sure that they'll comply. Yeah, I — I'm not convinced that it would work, but — Yeah, I assume Riverside can always say no. And — but then you go into the relationships between the parties and trying to do seizures in the future. And if Riverside says, no, we're not going to cooperate with our partner in this case, you know, how does that affect the U.S. Government? It depends. You know, sort of a request that's made on the duress sometimes is made with one eye closed. That — with a little wink. Yeah, I understand. But you have to call Los Angeles and say, by the way, you've got our property. You should have gone to Riverside. Well, that's an interesting issue, too, Your Honor, because the jurisdiction supposedly was with Riverside. And I don't know how it got to L.A. County. And I don't — you know, the government's been playing fast and loose with the rules in this case and with the property. It's not like good old days when they had a chief that paid attention to the rules. You know — Those were the great days. You never saw me up here in those days having to defend something like this, Your Honor. Good point. If the Court doesn't have any other questions — I think we're done. Thank you, Your Honor. You're out of time, but we're going to give you more time because we want to beat up on you some more. Mr. Welch, were there any strings attached at the time you turned the property over to Riverside or L.A. or whoever got it in April? Absolutely not, Your Honor. That was a time when the — you know the motion was pending to return the property. That's correct. When I gave the orders — Was that a matter that came up in the dealings between the two authorities? No. Because I knew that the motion was pending. No. I do not believe — actually, to clarify this, the motion — the seizure warrant that was issued by the State Court was issued by the Los Angeles Superior Court in favor of the L.A. District Attorney's Office. So that's who had it. The District Attorney's Office, I do not believe, was aware that the motion had been filed because they had — they had executed the warrant by serving it back on January 24th. Well, that was before the motion was filed. Correct. But what I'm saying is they — when they executed the warrant, they considered that and the government considers that to have been a timely execution of the warrant, despite the fact that the property wasn't turned over right away. They were not aware of the filing of the motion for return of property. Was there no discussion, no understanding about the fact that this matter was in court? Well, the discussion was they were in agreement with the government's feeling that we were proceeding properly under Section 981E7 and that the district court's jurisdiction had been cut off at the time of the dismissal of the complaint following the service of the warrant. But there was a motion pending, right? Without allowing the district court to rule on the motion, which puts the whole — the motion itself put the whole question into doubt. Isn't that right? That is what put it into doubt. And so it was not the right thing to do to release the property while the motion was pending and while there was doubt as to whether the district court had continued jurisdiction. If I had it to do over again, I would not have delayed the release of the property pending the filing of the motion. And when you realized the mistake, did you call up and say, please return it? Oops, I made a mistake. Would you please send it back because I want to make it right, having done the wrong thing, having — did you make that phone call? I did not, Your Honor, because I did not conclude — Will you make that phone call now and let us know? I can certainly make the phone call to the Los Angeles District Attorney's Office. Why don't you call on the other side, call Los Angeles, say I made a mistake. I'm asking as a matter of comity to return it, and then report to us on the results of the call. Okay. I can do that. Within a week. I can do that, Your Honor. We defer submission until then. May I — Judge Schwarzer, you asked a question earlier about whether there were any cases dealing with jurisdiction where no forfeiture was pending. And there is one cited in the government's brief I wanted to make you aware of. It's United States v. White, and it appears on page 12 of the government brief. Thank you. Thank you.
judges: Noonan, Kozinski, Schwarzer